UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
                               )
          v.                   )
                               )  Cr. No. 17-10361-MLW
                               )
MARK LOPILATO,                 )
     Defendant.                )


          MEMORANDUM AND ORDER CONCERNING MOTION FOR RELEASE

WOLF, D.J.                                              May 4, 2020

     The court has considered defendant Mark Lopilato's Motion for Release from Custody on Pretrial Conditions pursuant to 18 U.S.C. §3142(i) (the "Motion") and the government's opposition to it. For the reasons explained below, the Motion is being denied.

     On February 18, 2019, Lopilato pled guilty to a charge of conspiracy to possess with intent to distribute steroids. The Sentencing Guideline range for his offense was then 46 to 57 months in prison. See Jan. 3, 2019 Presentence Report ("PSR") at 24. However, pursuant to a plea agreement, the government intended to recommend that the court impose a 24 month sentence. See Docket No. 52 at 3. After pleading guilty, Lopilato was, with the assent of the government, released pending sentencing.

     After granting several requests for continuances, Lopilato's sentencing was scheduled for April 26, 2019. Lopilato failed to appear. On May 1, 2019, Lopilato's counsel informed the court that

                                   1

he could not reach the defendant by letter or text. See Docket No. 73. Nor could Probation locate Lopilato. Therefore, the court issued a warrant for his arrest.

Lopilato was arrested by the United States Marshals Service on September 3, 2019. He then possessed two fake forms of identification with his picture and the name Tyler Dimock Davis. See Jan. 27, 2020 PSR, ¶29.

Lopilato has been detained for about eight months. Probation now calculates his Total Offense Level to be 26, his Criminal History Category to be III, and his Guideline range to be 78 to 97 months in custody. Id. at 25. Because Lopilato breached his plea agreement, the government is no longer obligated to recommend a 24 month sentence and intends to recommend a sentence of 41 months. See Docket No. 109 at 1.

Lopilato requests release pursuant to 18 U.S.C. §3142(i), which permits the court to order the "temporary release" of a person in pretrial custody "to the extent that the judicial officer determines that such release is necessary for . . . [a] compelling a reason." The government argues that §3142(i) is inapplicable because Lopilato is not in pretrial custody. The government's position is supported by the language of the statute, which is in the section of the statute that applies to pretrial orders of detention, and appears to be correct. See United States v. Hartsell, 2020 WL 1482175, at *1-2 (N.D. Ind. Mar. 25, 2020); but

see United States v. Kennedy, 2020 WL 1493481, at *3 (E.D. Mich. Mar. 27, 2020). In any event, Lopilato has provided no argument as to why §3142(i) provides a basis for release here.

Lopilato has pled guilty. He is now detained pending sentencing. In the circumstances of this case, the court concludes that 18 U.S.C. §§3143(a)(2) and 3145(c) govern. Therefore, Lopilato may be released only if the court finds that: (1) he has proven by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any person or the community; and (2) he "clearly show[s] that there are exceptional reasons why [his] detention would not be appropriate." §3145(c); see also United States v. Rita, 2012 WL 13088698, at *1 (D. Mass. June 29, 2012) (citing cases).

Lopilato has not made the essential threshold showing that there is clear and convincing evidence that he will not flee if released again. To the contrary, there is compelling reason to be concerned that he will flee. Lopilato is in Criminal History Category III because he has repeatedly violated the law. More significantly, he fled and failed to appear for sentencing in this case when his Guidelines range was 46 to 57 months and the government was planning to recommend a 24 month sentence. His Guideline range is now 78 to 97 months and the government is recommending a 41 month sentence, both of which provide additional incentive for Lopilato to flee. Moreover, Lopilato fled before the

3

Coronavirus pandemic on which he relies to seek release. The court infers he would now dread serving a prison sentence even more.

The only specific condition of release that Lopilato proposes is electronic monitoring. However, at times detainees cut off such monitors and flee. Lopilato possessed false identification documents when arrested in 2019. There is a risk that he might, if released, obtain others and thus facilitate his escape.

As Lopilato has failed to provide the clear and convincing evidence that he is not likely to flee required for release pursuant to §§3143(a)(2) and 3145(c), the court lacks the authority to order his release. It is, therefore, not deciding whether Lopilato's assertions, if verified by an affidavit as required by Local Rule 7.1(b)(1), would clearly show that there are exceptional reasons why Lopilato's continued detention is not appropriate. See §3145(c).

In view of the foregoing, it is hereby ORDERED that the Motion (Docket No. 101) is DENIED.

                                                /s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE